**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **James T. Baker**  Case No. **10-31762**
**Ana Baker**
Debtor(s)  Chapter 13 Proceeding

*AMENDED 10/27/2010*

☑ *AMENDED*  ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

> *Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*
>
> *Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

**Plan Summary**

A. The Debtor's Plan Payment will be _____**Variable Payments**_____, paid by ☑ Pay Order or ☐ Direct Pay for _____**60 months**_____. The gross amount to be paid into the plan is _____**$20,700.00**_____.

B. The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately __**4%**__ of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C. The value of the Debtor's non-exempt assets is _____**$102.00**_____.

D. If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

**Plan Provisions**

**I. Vesting of Estate Property**

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☑ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

IN RE: **James T. Baker**  
**Ana Baker**  
Debtor(s)

Case No. **10-31762**

Chapter 13 Proceeding

*AMENDED 10/27/2010*

☒ **AMENDED**    ☐ **MODIFIED**

### DEBTOR(S)' CHAPTER 13 PLAN
### AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| | | |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Maria Montes | 1 year residential Contract | Assumed | No |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **James T. Baker**  Case No. **10-31762**
**Ana Baker**
Debtor(s)   Chapter 13 Proceeding

*AMENDED 10/27/2010*

☑ **AMENDED**   ☐ **MODIFIED**

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

Continuation Sheet # 2

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____ ."

_____        _____
Debtor                                                                          Joint Debtor

### V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
| | | |

### VI. Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Ky Higher Ed Student | Paid by U.S. Army Direct | $2,381.00 | $26.00 |
| Ky Higher Ed Student | Paid By U.S. Army | $2,154.00 | $25.00 |
| Ky Higher Ed Student | Paid by US Army | $1,653.00 | $20.00 |
| Us Dept Of Education | Paid by US Army | $14.00 | $50.00 |

Form 11/7/05   *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **James T. Baker**     Case No. **10-31762**
       **Ana Baker**
           Debtor(s)     Chapter 13 Proceeding

*AMENDED 10/27/2010*
☑ *AMENDED*    ☐ *MODIFIED*

## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 3*

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| | |

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Sidney Diamond, PC | $1,500.00 | Along with | |

**B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| | | | |

**C.** Arrearage Claims

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

**D.** Cure Claims on Assumed Contracts, Leases, and Contracts for Deed

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **James T. Baker**            Case No. **10-31762**
**Ana Baker**
Debtor(s)            Chapter 13 Proceeding

**AMENDED 10/27/2010**
☑ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 4*

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Mafs Investments 2008 Chevy 1500 | $9,000.00 | $22,475.00 | Pro-Rata | 5.25% | $9,781.24 | |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately **4%** of their allowed claims.

| Creditor | Estimated Debt | Remarks |
|---|---|---|
| American Honda Finance | $12,067.00 | |
| Brazos | $5,466.00 | |
| Capital One, N.a. | $575.00 | |
| CitiCards Private Label | $1,630.00 | |
| Citifinancial | $6,108.00 | |
| Citifinancial | $5,838.00 | |
| Enterprise Rent A Car | $1,400.00 | |
| Evansville Endodontics | $62.00 | |
| First Premier Bank | $426.00 | |
| Hsbc/rmstr | $7,650.00 | |
| Hunter Warfield | $1,131.00 | |
| Insight Communications | $79.00 | |
| Lamont Hanley & Associ | $107.00 | |
| Lvnv Funding Llc | $972.00 | |
| Lvnv Funding Llc | $911.00 | |
| Lvnv Funding Llc | $4,412.00 | |
| Merrick Bk | $901.00 | |
| Mil Star | $2,122.00 | |
| Personal Finance Co | $4,404.00 | |
| Progressive Insurance Company | $120.00 | |
| Providence Memorial Hospital | $100.00 | |
| Sears/cbsd | $6,949.00 | |
| Texas Guar Student Loa | $3,117.00 | |
| Texas Guar Student Loa | $2,815.00 | |
| Time Warner Cable | $113.00 | |

10/27/2010 09:23:17am

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **James T. Baker**     Case No. **10-31762**
       **Ana Baker**
          Debtor(s)     Chapter 13 Proceeding

*AMENDED 10/27/2010*
☑ *AMENDED*    ☐ *MODIFIED*

## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 5*

| | |
|---|---|
| Verizon | $30.00 |
| Wells Fargo Hm Mortgag | $96,000.00 |

**Totals:**

| | |
|---|---|
| Administrative Claims | **$1,500.00** |
| Priority Claims | **$0.00** |
| Arrearage Claims | **$0.00** |
| Cure Claims | **$0.00** |
| Secured Claims | **$9,000.00** |
| Unsecured Claims | **$165,505.00** |

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

**Unscheduled Creditors**

    Unscheduled Creditors:     If an unscheduled creditor files a timely proof of claim, which claim becomes an allowed claim, the claim of such creditor shall be paid in accordance with the terms and conditions of this plan. If the claim of such creditor is entitled to interest such interest shall accrue based upon one of the three following conditions:

1.     If the claim is entitled to statutory interest, interest shall accrue at the interest rate provided for in such statute;

2.     If the claim is similar in nature to other claims provided for in this plan interest shall accrue at the same interest rate provided for in this plan for such creditors, with the exception of a claim secured by the debtor(s) principal residnce in which event interest shall accrue at the rate specified in the note and security agreement and applicable nonbankruptcy law.; and,

3.     In the event that there are no claims of a similar nature and the claim is not secured by the debtor(s) principal residence interest shall accrue at 2 points above the prime rate pf interest as published on primrate.com on the filing date of this case.

**Post-Petition Mortgage Payments**

    Post-Petition Mortgage Payments:     Payments received by holders and/or servicers of mortgage claims, secured by real property that is the debtor(s) principal residence, for ongoing post-petition installment payment shall be applied and credited to the Debtors(s) mortgage account as if the account were current and no pre-petition defaulted existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Post-Petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **James T. Baker**  
**Ana Baker**  
Debtor(s)

Case No. **10-31762**

Chapter 13 Proceeding

*AMENDED 10/27/2010*

☑ *AMENDED*   ☐ *MODIFIED*

## DEBTOR(S)' CHAPTER 13 PLAN

## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

Continuation Sheet # 6

---

**Post-Petition Payment Changes**

Post-Petition Payment Changes:   Holders and/or servicers of mortgage claims, secured by real property that is the debtor(s) principal residence, shall make adjustments to the ongoing installment payment amount as required by the note and security agreement and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable-rate mortgage. Holders and/or servicers shall timely notify the debtor(s), debtors' counsel and chapter 13 trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.


**Pre-Petition Arrearages**

Pre-Petition Arrearages:   Payments disbursed by the chapter 13 trustee holders and/or servicers of mortgage claims, secured by real property that is the debtor(s) principal residence, shall be applied and credited only to the pre-petition arrearages necessary to cure the default, which shall consist of amounts listed on the allowed proof-of-claim and authorized by the note and security agreement and applicable nonbankruptcy law. Holders and/or services of mortgage claims shall deem the pre-petition arrearages as contractually current upon confirmation of the chapter 13 plan.


**Notice Of Fees, Expenses Or Charges**

Notice Of Fees, Expenses Or Charge:   The holder and/or servicers of a mortgage claim shall provide to the debtor(s) the debtor(s) attorney and the chapter 13 trustee a notice of any fees, expenses, or charges that have accrued during the bankruptcy case on the mortgage account and that the holder and/or servicers contends are (1) allowed by the note and security agreement and applicable nonbankruptcy law, and (2) recoverable against the debtor(s) or debtor(s) account. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case with a final notice sent within 30 days of the filing of the chapter 13 trustee's final account under Bankruptcy Rule 5009. The failure of a holder and/or servicer to give such notice for any given year of the case's administration shall be deemed a waiver for purposes of any claim for fees, expenses or charges accrued during that year, and the holder and/or servicer shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the debtor(s) or the debtor(s)' account during the case or after entry of the order granting discharge.


**Mortgage Current Upon Discharge**

Mortgage Current Upon Discharge:   Unless the court orders otherwise, an order granting discharge in this case shall be a determination that all pre-petition and post-petition defaults with respect to the debtor(s) mortgage have been cured, and that the debtor(s) mortgage account is deemed current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.


**Mortgage Secured By Real Property Other Than Residence**

Mortgage Secured By Real Property Other Than The Debtor(s) Principal Residence:   The foregoing three sections shall apply to mortgages secured by real property that is not the debtor(s) principal residence, except as modified by this plan.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | **James T. Baker** | Case No. **10-31762** |
| | **Ana Baker** | |
| | Debtor(s) | Chapter 13 Proceeding |

*AMENDED 10/27/2010*

☑ *AMENDED*    ☐ *MODIFIED*

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 7*

---

**Post-Petition Payment Changes**

Post-Petition Payment Changes:    Holders and/or servicers of mortgage claims, secured by real property that is the debtor(s) principal residence, shall make adjustments to the ongoing installment payment amount as required by the note and security agreement and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable-rate mortgage.  Holders and/or servicers shall timely notify the debtor(s), debtors' counsel and chapter 13 trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.


**Monthly Statements**

Monthly Statements:    Each creditor, with an allowed secured claim shall send monthly statements to the debtor(s).  If the allowed claim is secured by a mortgage claim the foregoing four provisions are not modified by the requirements of this section.


Respectfully submitted this date:   **10/27/2010**_____.

/s/ Sidney J. Diamond
Sidney J. Diamond
3800 N. Mesa Street, Ste B-3
EL Paso, Texas 79902
Phone: (915) 532-3327 / Fax: (915) 532-3355
(Attorney for Debtor)

/s/ James T. Baker
James T. Baker
12485 Paseo de Arco
El Paso, TX 79928
(Debtor)

/s/ Ana Baker
Ana Baker
12485 Paseo de Arco
El Paso, TX 79928
(Joint Debtor)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **James T. Baker**  CASE NO **10-31762**
**Ana Baker**
*Debtor(s)*  CHAPTER **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 09/20/2010 | $250.00 | 21 | 05/20/2012 | $350.00 | 41 | 01/20/2014 | $350.00 |
| 2 | 10/20/2010 | $250.00 | 22 | 06/20/2012 | $350.00 | 42 | 02/20/2014 | $350.00 |
| 3 | 11/20/2010 | $250.00 | 23 | 07/20/2012 | $350.00 | 43 | 03/20/2014 | $350.00 |
| 4 | 12/20/2010 | $350.00 | 24 | 08/20/2012 | $350.00 | 44 | 04/20/2014 | $350.00 |
| 5 | 01/20/2011 | $350.00 | 25 | 09/20/2012 | $350.00 | 45 | 05/20/2014 | $350.00 |
| 6 | 02/20/2011 | $350.00 | 26 | 10/20/2012 | $350.00 | 46 | 06/20/2014 | $350.00 |
| 7 | 03/20/2011 | $350.00 | 27 | 11/20/2012 | $350.00 | 47 | 07/20/2014 | $350.00 |
| 8 | 04/20/2011 | $350.00 | 28 | 12/20/2012 | $350.00 | 48 | 08/20/2014 | $350.00 |
| 9 | 05/20/2011 | $350.00 | 29 | 01/20/2013 | $350.00 | 49 | 09/20/2014 | $350.00 |
| 10 | 06/20/2011 | $350.00 | 30 | 02/20/2013 | $350.00 | 50 | 10/20/2014 | $350.00 |
| 11 | 07/20/2011 | $350.00 | 31 | 03/20/2013 | $350.00 | 51 | 11/20/2014 | $350.00 |
| 12 | 08/20/2011 | $350.00 | 32 | 04/20/2013 | $350.00 | 52 | 12/20/2014 | $350.00 |
| 13 | 09/20/2011 | $350.00 | 33 | 05/20/2013 | $350.00 | 53 | 01/20/2015 | $350.00 |
| 14 | 10/20/2011 | $350.00 | 34 | 06/20/2013 | $350.00 | 54 | 02/20/2015 | $350.00 |
| 15 | 11/20/2011 | $350.00 | 35 | 07/20/2013 | $350.00 | 55 | 03/20/2015 | $350.00 |
| 16 | 12/20/2011 | $350.00 | 36 | 08/20/2013 | $350.00 | 56 | 04/20/2015 | $350.00 |
| 17 | 01/20/2012 | $350.00 | 37 | 09/20/2013 | $350.00 | 57 | 05/20/2015 | $350.00 |
| 18 | 02/20/2012 | $350.00 | 38 | 10/20/2013 | $350.00 | 58 | 06/20/2015 | $350.00 |
| 19 | 03/20/2012 | $350.00 | 39 | 11/20/2013 | $350.00 | 59 | 07/20/2015 | $350.00 |
| 20 | 04/20/2012 | $350.00 | 40 | 12/20/2013 | $350.00 | 60 | 08/20/2015 | $350.00 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **James T. Baker** CASE NO. **10-31762**
*Debtor*

**Ana Baker** CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 27, 2010, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Sidney J. Diamond**
Sidney J. Diamond
Bar ID:05803000
Diamond Law
3800 N. Mesa Street, Ste B-3
EL Paso, Texas 79902
(915) 532-3327

| | | |
|---|---|---|
| American Honda Finance<br>113166131<br>3625 W Royal Lane<br>Irving, TX 75063 | Citifinancial<br>6073365827313984<br>300 Saint Paul Pl<br>Baltimore, MD 21202 | Enterprise Rent A Car<br>3091 S Jamaica Court Ste. 200<br>Aurora, CO 80014 |
| Brazos<br>4654551401<br>501 Bleecker St<br>Utica, NY 13501 | Citifinancial<br>6072091527308434 | Evansville Endodontics<br>8070660000663137<br>1449 Kimber Lane<br>Evansville, IN 47715-4067 |
| Capital One, N.a.<br>517805242227<br>C/O American Infosource<br>PO Box 54529<br>Oklahoma City, OK 73154 | City of El Paso<br>El Paso Tax Assessor/Collector<br>PO Box 2992<br>El Paso, TX 79999-2992 | First Premier Bank<br>5178007629230459<br>3820 N Louise Ave<br>Sioux Falls, SD 57107 |
| CitiCards Private Label<br>6035253062189098<br>Attn: Centralized Bankruptcy<br>PO Box 20507<br>Kansas City, MO 64195 | City of El Paso Tax Assessor Collector<br>c/o Linebarger, Goggan Blair &<br>Sampson<br>711 Navarro, Ste. 200<br>San Antonio, TX 78205 | Hsbc/rmstr<br>7011131103706458<br>Pob 15521<br>Wilmington, DE 19805 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **James T. Baker**            CASE NO. **10-31762**
*Debtor*

**Ana Baker**            CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Hunter Warfield<br>1898387<br>6931 Arlington Rd<br>Bethesda, MD 20814 | Ky Higher Ed Student<br>7205936<br>PO Box 24266<br>Louisville, KY 40224 | Merrick Bk<br>4120613079011463<br>PO Box 23356<br>Pittsburg, PA 15222 |
| Insight Communications<br>1395329711<br>Attn: Crd Prt Asso Bankruptcy Dept<br>PO Box 802068<br>Dallas, TX 75380 | Lamont Hanley & Associ<br>2862229<br>1138 Elm St<br>Manchester, NH 03101 | Mil Star<br>6019440403176716<br>Attention: Bankruptcy<br>PO Box 6250<br>Madison, WI 53716 |
| IRS - Special Procedures Staff<br>Stop 5022 AUS<br>300 E. 8th Street<br>Austin, TX 78701 | Lvnv Funding Llc<br>5440455002655242<br>P.o. B  10584<br>Greenville, SC 29603 | Personal Finance Co<br>P26520771201<br>2480 B U.s. High<br>Henderson, KY 42420 |
| James T. Baker<br>12485 Paseo de Arco<br>El Paso, TX 79928 | Lvnv Funding Llc<br>4663090003971018<br>P.o. B  10584<br>Greenville, SC 29603 | Progressive Insurance Company<br>26788372<br>6300 Wilson Mills Road<br>Mayfield Village, OH  44143 |
| Ky Higher Ed Student<br>7206036<br>PO Box 24266<br>Louisville, KY 40224 | Lvnv Funding Llc<br>0151691102075812<br>Po Box 740281<br>Houston, TX 77274 | Providence Memorial Hospital<br>1022143895<br>P.O. Box 849763<br>Dallas, TX 75284-9763 |
| Ky Higher Ed Student<br>7205836<br>PO Box 24266<br>Louisville, KY 40224 | Mafs Investments<br>2611 N. Kansas<br>El Paso, TX 79908 | Sears/cbsd<br>504994105790<br>701 East 60th St N<br>Sioux Falls, SD 57117 |

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

IN RE: **James T. Baker**　　　　　　　　　　　　　　　CASE NO. **10-31762**
　　　　　　　　　　　　*Debtor*

　　　　**Ana Baker**　　　　　　　　　　　　　　　　　CHAPTER **13**
　　　　　　　　　　　*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

Stuart C. Cox
1760 N. Lee Trevino Drive
El Paso, TX 79936

Verizon
57092467900001
c/c AFNI Inc
1310 Martin Luther King Drive
Bloomington, IL 61702

Texas Guar Student Loa
1001000000000083855901
Po Box 83100
Round Rock, TX 78683

Wells Fargo Hm Mortgag
7080201972577
Default Reporting
Charlotte, NC 28217

Texas Guar Student Loa
1001000000000083855902
Po Box 83100
Round Rock, TX 78683

Time Warner Cable
41414530
7010 Airport Rd
El Paso, TX 79906

U.S. Attorney
FHZ/HUD/VA/IRS
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216

Us Dept Of Education
4061515331
Attn: Borrowers Service Dept
PO Box 5609
Greenville, TX 75403